FILED

18 JUN 12 AM 11: 34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>  Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>  Respondent. | Case No.: 16-cv-2337-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

On September 13, 2016, Plaintiff Raul Arellano, proceeding pro se, commenced this action by filing a Petition for Writ of Habeas Corpus against Daniel Paramo. (ECF No. 1). Arellano is incarcerated at Richard J. Donovan Correctional Facility. *Id.* at 1. Arellano's Petition brings four claims. Arellano's first claim is that the state court that conducted his criminal trial denied his constitutional right of access to the courts when it denied his request for a free second set of trial transcripts. *Id.* at 18. Arellano's second claim is that the state court violated his right to due process and his right of access to the courts when it denied his request for a copy of transcripts of the voir dire in his criminal trial. *Id.* at 21. Arellano's third claim is that the state court violated the Fourth Amendment by not granting him a free copy of his arrest warrant and its supporting affidavits. *Id.* at 22. Arellano's fourth claim is that the state court violated his Fifth and Fourteenth Amendment rights by not granting his request for a subpoena *duces tecum*. *Id.* at 23. Arellano's Petition also requests that he be appointed counsel. *Id.* at 24.

On March 12, 2018, United States Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation (ECF No. 15). The Report and Recommendation recommends that this Court deny Arellano's Petition because his claims "are not cognizable for habeas relief under 28 U.S.C. § 2254." (ECF No. 15 at 25). The Report and Recommendation also recommends that this Court deny Arellano's request for counsel:

> As discussed above, Petitioner's four claims are not cognizable for habeas relief under 28 U.S.C. § 2254. Petitioner cannot succeed on the merits of uncognizable claims. An analysis of the Petitioner's ability to articulate claims pro se is not necessary because the alleged claims are not cognizable. Consequently, this Court need not exercise discretion to appoint counsel because there has been no finding of exceptional circumstances.

*Id.*

The Report and Recommendation set April 11, 2018 as the deadline for the parties to file objections to the Report and Recommendation. *Id.* On April 10, 2018, Arellano requested an additional sixty days to object to the Report and Recommendation. (ECF No. 22). On April 17, 2018, the Court granted Arellano's request for additional time, stating "Arellano shall file any Objections to the Report and Recommendation . . . on or before June 18, 2018." (ECF No. 23 at 2).

On May 2, 2018, Arellano filed two handwritten Motions to Appoint Counsel (ECF Nos. 25, 27). Arellano stated that he "suffered a concussion[ t]hat gave rise to . . . blindness." (ECF No. 25 at 1). Arellano stated that he "can[']t see enough to even read a book" and that he writes by "following a blur[] and hoping [his] hand does a good job." *Id.* Arellano also stated that he has not been offered "help with this dis[]ability." *Id.* On May 30, 2018, Arellano filed a handwritten document requesting that the Court extend the deadline for filing objections to the Report and Recommendation "another 60 days until Motion for Counsel is resolved." (ECF No. 29 at 1).

On March 24, 2018, the Attorney General for the State of California filed a Status Report discussing the "accommodations available to Plaintiff to assist him in litigating this case if [his] condition persists." (ECF No. 28 at 4–5). A Declaration of J. Santana, the

Americans with Disabilities Act Coordinator at Richard J. Donovan Correctional Facility, was filed with the Status Report (ECF No. 28-2). According to Santana,

> On May 11, 2018, Plaintiff was designated Disability Placement Impacted Vision or DPV, which is a DPP designation for vision-impaired inmates. Since Plaintiff is now designated DPV, he will be recommended for transfer from his current housing assignment. Plaintiff is a level 4 inmate and may be transferred to another institution with a level 3 or 4 yard that is specifically designated to accommodate vision-impaired inmates.
>
> Pending transfer Plaintiff's designation as a DPV inmate allows him to access machinery in the Donovan library that either magnifies text or will audibly read the text to inmates . . . . Plaintiff is eligible to be provided with a pocket magnifier, and each housing unit has a whole-page magnifier that is available to be checked out by inmates for in cell use. A skilled inmate worker will be available to Plaintiff on the yard to read text to him and to act as a scribe in preparing written documents. Although CDCR staff members are prohibited from assisting inmates with preparing legal documents or providing legal advice, Plaintiff can ask any CDCR staff member for general assistance with reading and writing. The law library is also staffed with inmate library clerks who can assist Plaintiff with reading and writing.

(ECF No. 28-2 at ¶¶ 7–11).

"Whenever the . . . court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965), *cert. denied*, 382 U.S. 996, (1966)).

The Court concludes that, in light of the accommodations available to Arellano, appointing Arellano counsel is not necessary to prevent a due process violation. *See* ECF No. 28-2 at ¶¶ 7–11. The Court concludes that, in light of the deficiencies with the Arellano's claims noted in the Report and Recommendation, the interests of justice do not

require appointing Arellano counsel. *See* ECF No. 15 at 13–24. Arellano's Motions for Counsel (ECF Nos. 25 and 27) are DENIED.

Arellano's request for a sixty-day extension of the deadline for filing objections to the Report and Recommendation, *see* ECF No. 29, is also DENIED. Arellano shall file any objections to the Report and Recommendation on or before July 23, 2018.

DATED: 6/14/18

_____
**WILLIAM Q. HAYES**
United States District Judge