UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO<br><br>                          Petitioner,<br><br>v.<br><br>DANIEL PARAMO<br><br>                          Respondent. | Case No.: 3:16-cv-02337-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

On September 13, 2016, Petitioner Raul Arellano, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On January 28, 2019, the Court entered a Judgment in this matter, denying the Petition for Writ of Habeas Corpus and denying the certificate of appealability. (ECF No. 44). On February 5, 2019, the Court denied Petitioner's Motion to Get Print Out of Summary Docket and Motion to Know if My Recent Reconsideration Papers Were Received (ECF No. 46) as moot. (ECF No. 47). On February 6, 2019, Petitioner appealed the Court's Judgment (ECF No. 44). (ECF No. 48). On February 22, 2019, the Court denied Petitioner's Motion for Copies (ECF No. 51) as moot. (ECF No. 52). On February 11, 2020, the Court of Appeals denied Petitioner's certificate of appealability as to the Court's Judgment (ECF No. 44) and denied any pending motions as moot. (ECF No. 55). On April

17, 2020, the Court of Appeals denied Petitioner's Motion for Reconsideration, Motion for Reconsideration en banc, and all remaining motions. (ECF No. 59).

On May 20, 2020, the Court denied Petitioner's 60(b) Motion (ECF No. 58). (ECF No. 60). On June 17, 2020, Petitioner appealed the Court's denial of Petitioner's 60(b) Motion (ECF No. 60). (ECF No. 61). On June 24, 2020, the Court of Appeals issued an order stating that

> The district court has not issued or declined to issue a certificate of appealability in this appeal, which appears to arise from the denial of petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Lynch v. Blodgett*, 999 F.2d 401, 403 (9th Cir. 1993) (certificate of probable cause to appeal necessary to appeal denial of post-judgment motion for relief under Rule 60(b)). Accordingly, this case is remanded to the district court for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).
>
> If the district court issues a certificate of appealability, the court should specify which issue or issues meet the required showing. *See* 28 U.S.C. § 2253(c)(3); *Asrar*, 116 F.3d at 1270. Under *Asrar*, if the district court declines to issue a certificate, the court should state its reasons why a certificate of appealability should not be granted, and the Clerk of the district court shall forward to this court the record with the order denying the certificate. *See Asrar*, 116 F.3d at 1270.

(ECF No. 63 at 1-2).

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that Petitioner has not made the required showing. Petitioner has failed to make "a substantial showing of the denial of

1  a constitutional right." 28 U.S.C. § 2253(c)(2).  The Certificate of Appealability as to the
2  Court's denial of Petitioner's 60(b) Motion (ECF No. 60) is DENIED.
3  Dated: July 2, 2020

　　　　　　　　　　　　　　　　*William Q. Hayes*
　　　　　　　　　　　　　　　　Hon. William Q. Hayes
　　　　　　　　　　　　　　　　United States District Court